hearing hearing hearing the United States Court of Appeals for the 11th circuit is now open according to law. God save the United States in this honorable court. Good morning. Welcome to the 11th circuit. We have two cases on for oral argument today. Before we begin, I will just remind everybody to please comply with the time limits. I'm sure you're all aware of them. But review. When your time is green on the screen, you're good to go. When it's yellow, you are approaching the end of your time. When it's red, you have gone over your time. Please stick to the time limits. And if we have any questions that do take you over those time limits, please do answer the questions. We're asking them because we want to know the answers. All right. With that in mind, we'll start with Thomas versus Secretary of the Florida Department of Corrections. You may begin counsel your honors and may it please the court. My name is Matthew Moore and I represent Willie Thomas, the petitioner in this case, Willie Thomas, a pro se habeas petitioner, accidentally deleted the only exhausted claim before filing his habeas petition. Realizing his mistake, he moved to amend that petition to add that claim back. The district court denied the motion, citing his earlier failures to comply with the local district rule, limiting petitions to no more than 20 pages. More than one year later, the district court dismissed the petition because Mr. Thomas had not stated any exhausted claims. The district court erred in denying Mr. Thomas's motion to amend for two reasons. First, the district court did not have a substantial reason to deny Mr. Thomas's motion to amend as required by Rule 15 A. And second, denying the motion operated as a dismissal with prejudice of Mr. Thomas's only exhausted claim and Rule 41's requirements for such an extreme sanction are not met here. Your honors, on the first point, the state believes that Mr. Thomas failed to comply with multiple court orders. That isn't correct. Mr. Thomas failed to comply with only one court order when he cut his initial petition down from 80 pages to 29 pages instead of the court order 20. Even in doing so, he showed a willingness to cooperate with the court. Further, this court, the district court focused on the idea of undue delay, one of the important prongs of SB versus Wainwright, but there was no delay in this case. Only six months had passed since the filing of Mr. Thomas's initial petition before he moved to amend that petition. In SB versus Wainwright, this court specifically commented on the fact that there was no undue delay because the petitioner had not waited until had moved to amend his petition well in advance of the court deciding the merits of his case. Here, Mr. Thomas has moved to amend more than one year before the court considered the merits of his case and only waited three weeks after the state filed a response before he moved to amend his petition. Further, the state itself violated this local rule. It filed a 27-page response to Mr. Thomas's petition, and in doing so, the court didn't comment on the state's failure to comply with the local rule at all. While we don't contest the general fairness of the state's 27-page petition, we do think that this goes to the lack of a substantial reason the district court had for denying Mr. Thomas's motion to amend. The same behavior that's tolerated by the state cannot be the basis for a denial of a motion to amend in another party. Similarly, there was no finding of prejudice in this case. The state never alleged that it was prejudiced by Mr. Thomas's motion to amend, nor did the district court ever comment on the idea of prejudice. The closest possibility would be the mere passage of time, but the mere passage of time is not enough to create prejudice in a case like this. Similarly, Mr. Thomas has alleged that he accidentally deleted Claim 4D. Effectively, this was a Scrivener's error, and the state never contested this idea until later, and the district court accepted him at his word. Lastly, secondly, this motion, this denial of a motion to amend was a dismissal with- Where counsel, where counsel did the district court, I accept it was a Scrivener's error. It never disputed the claim. Well, that's different from the accepting, it isn't? It is in some ways, but I think that if the district court truly believed that Mr. Thomas had intentionally deleted this claim, it would have commented on it, and it's an order denying the motion to amend, and- Well, I'm not at all sure about that, but you know, the district court doesn't have to give a running narrative of the thoughts in the transcript. So it's not required. Let me ask you this, what about futility? Now, the government didn't raise it before the district court, but it raised it before us. You've answered it more or less in your brief, but if in fact, if in fact the district court had found or does find that wouldn't make any difference because the petitioner wouldn't have testified anyway, even if the court had not made that one remark during the colloquy with the defendant, you lose on the motion to amend, don't you? If the district court had found that this amendment was futile, then the motion to amend, the denial of the motion to amend would have been fair, but there's no- And it would, and counsel, it would have been futile, or it will be futile, let's put it that way. If the district court would have found that the petitioner would not have testified, even if the judge had not made that statement, right? That is correct. Okay. And you understand, of course, we all do, that the defendant has 11 felony convictions, right? That's true. And one place, I believe you say nine of them in the district court, or maybe one of the attorneys says 10 of them are for what they call dishonesty crimes, right? Yes. Okay. So what are the chances that the district court would credit his testimony if he says, I know I said, counsel said that they had told me that it wouldn't come out what type of crimes they were, and I said I still didn't want to testify, but I would have changed my mind later if only the judge hadn't said, yes, it will come out. Well, I don't know for sure what the possibility the district court would have found that he would have testified, but at a minimum, the district court never made a finding of futility, and this is a highly- I understand that, counsel, but the point I'm getting there, if we look at this and say no rational fact finder, and of course here the rational fact finder is going to be the district court judge, no rational fact finder could find, regardless of what the petitioner testifies to based on this transcript, none could find that it made a difference, that it prejudiced him, that it prevented him from testifying, then there's no point going back and having the district court go through the motions of listening to him and then finding that he's not credible, because among other reasons, the transcript indicates he had already decided not to testify before the misadvice from the judge, if we call it that, and also the man has 11 felonies. So I believe that that is correct, that if this court were to find that there's no possible way that Mr. Thomas would have been prejudiced, that the allegations in his petition just simply cannot be true, then it would be fair to make a finding for futility, but at a minimum- To be more accurate and specific, the question is, we would be asking ourselves, or we could ask ourselves, would any rational fact finder, in this case making a bench finding, find that the petitioner is credible if the petitioner testifies? I know I disavowed any desire to testify before the judge made the remarks, but if only he hadn't made those remarks, I can tell you right now, I would have changed my mind. That's what we would be deciding. We could either send it back for quick and easy hearing on that issue with the petitioner testifying before the judge, or we could say it would be a waste of time because no rational fact finder would credit him given the transcript and given his 11 felony convictions. So that's, as I see it, as I see it, on futility, that's the issue. I believe that you are correct. If no rational fact finder could ever find that Mr. Thomas would have testified, had he been given, had his attorney corrected the recitation of the law by the district court judge or by the state court judge, then this claim would be futile. But I don't think that a rational fact finder would, and no, I think there's a chance that a rational fact finder would find Mr. Thomas believable. In Strickland cases, a lot of times the rational fact finder has the benefit of seeing the petitioner testify before them. You can learn a lot about whether or not someone is telling the truth by having them testify directly in front of you. Also, Mr. Thomas's prior claims of dishonesty don't necessarily make it so that he can't be this one time. And while he did previously say that he was not planning to testify, his attorney had previously given him ambiguous advice on this specific law, and the fact that the judge failed to- You said it was ambiguous. What is ambiguous about if you admit that you have 11 prior felonies, the prosecution can't bring out the nature of those felons? What is the nature of a felony other than the crime for which you will convict? I mean, they're not talking about whether it happened on an odd day of the calendar or an even day or a Tuesday as opposed to a Thursday. What's the nature of the convictions? If not, this one was for embezzlement, that one was for fraud, this one was for grand larceny. I believe that Mr. Thomas may have understood the nature of the crimes to be something different, particularly it could have gone to whether or not it was a violent crime, not whether or not it was a crime of dishonesty. That's the amount of time. Thank you. Thank you, counsel. All right, we'll hear from Mr. Picard. May it please the court, Jonathan Picard on behalf of the state of Florida. As a preliminary matter, rule 72A precludes appellant from seeking review of the magistrate's order denying his motion to amend because he never presented the issue to the district court judge through a timely objection. And he also never presented it in his objection to the report and recommendation. So it was never presented to the district court judge. But even if this court determines that this issue was not waived, appellant's motion was properly denied because the proposed amendment would have been futile. A careful review of the trial court's colloquy on appellant's right to testify reveals that he repeatedly and unequivocally affirmed that he did not wish to testify before the trial court made the remark at issue. Yeah, I know, but his argument, counsel, is that I would have changed my mind. Yes, judge, and under Strickland, of course, a speculative claim is legally insufficient to establish prejudice. And walking through the colloquy, he actually, I mean, it's also- I'm sorry, counsel, but counsel, I mean, if there might in fact be a basis for believing that he we regularly find those kinds of statements not to be speculative under the right conditions of the record. I mean, we regularly, well, let me put it this way. When there are challenges to pleas that are given, and there's an allegation of ineffective assistance of counsel, and if the attorney had told his client X, Y, and Z, the client says he would not have pled guilty, or if the attorney had filed a suppression motion that would have been granted, he would not have pled guilty. Those are speculative, but we find that that is sufficient to support the granting of a petition in appropriate circumstances. Yes, judge, absolutely. In this particular instance, though, if you- and I'm sure you have, obviously, and I'd like to walk through it, if you carefully review the colloquy, he repeatedly and unequivocally says he does not wish to testify, and he does it after, you know, hearing that it's the only opportunity that he'll have to present his story to the jury. And of course, and I think Judge Kines was also making this point, just under the circumstances, it's honestly inherently incredible that you've decided not to testify because you don't want the jury to learn about your 11 prior convictions, which is obviously a very sound strategic choice, and you repeatedly acknowledge that you've decided that based on that strategy, but then because the jury might learn that some of those crimes were generally crimes of dishonesty, all of a sudden you might change your mind, and I'd like to just walk through quickly through the colloquy. On page 343 of the trial transcript, defense counsel said he advised the appellant that the jury would learn about his 11 prior felonies, but the jury would not learn about the nature of those convictions unless, of course, he denied them. Based on that advice, appellant decided not to testify, which is a sound strategy. On page 347, appellant affirmed that he did not wish to testify two times. Then the trial court indicated that appellant would have to testify in order to get his version of events before the jury, which is of course true, and in response he explained that testifying would do more harm than good because it was prior convictions. Appellant also affirmed that he was not threatened or coerced into making this decision. Then on page 348, appellant affirmed that he had enough time to speak with his lawyers, and he also affirmed that he hadn't been pressured into not testifying. And again, all this occurs before the trial court's remarks on that front, but the trial court is conducting the call. Mr. Picard, I'm not sure the transcript is as clear as you're making it out to be because on page 343, after the first statement that you call our attention to, the court immediately says how many convictions, the defense counsel says 11, and then the court says any involving dishonesty. So the court immediately injects the idea of dishonesty, and then they continue to talk about that over several pages, and you're correct that he does reaffirm several times he doesn't want to testify, but the court continues to talk about it. After Mr. Grigg says, after talking to my client, blah, blah, blah, then the court starts talking about it again, and then that's where the court says that the jury would hear about dishonesty, and it's only after that colloquy on page 352, the court says 10 were for crimes of dishonesty, so that's something the jury can consider. They ask the defendant again, and then he says, no, he doesn't want to testify. So I do think there's some ambiguity. Would you explain? Well, yes, Judge, and I acknowledge... Thanks, Judge. And I acknowledge that initially the court made an offhanded remark about crimes of dishonesty, but at that point, the court did not advise him that they would learn about crimes of dishonesty. The court merely asked whether some of them were crimes of dishonesty. So at this point... But counsel, I'm sorry, counsel, isn't the implication there that, I mean, why else would the judge ask about it if she were not attempting to imply that that would become relevant and that that would come out during the course of Mr. Thomas's testimony? Yes, Judge, I appreciate that, and as lawyers, of course, we immediately jump to that conclusion. What she says is any involving dishonesty, that would include burglary or theft, and that's not an accurate statement either necessarily. Burglary isn't necessarily a crime of dishonesty, and that's all she says, and I don't think... Why is burglary not a crime of dishonesty on the theory, I guess, that you were going to commit some other felony once you broke into the building? Correct. So the underlying felony could be a crime. Arson, rape, or murder, and that wouldn't be dishonest. See, I'm sorry. We just accept things and go on even if they're strange acceptances, but let me ask you this. What is the theory of letting in the prior felonies if they're not crimes of dishonesty, but not allowing the jury to know whether or not they're crimes of dishonesty? So the theory still... What's the jury supposed to do with the fact that somebody was convicted 11 times and they don't know for what other than they're felony? Right, so the theory is it does go to credibility, and with respect to the felonies under Florida law, you can't say that they were... How does it go to credibility if it's not intended to show propensity to commit crimes? Exactly. Well, that's... Okay, Judge. Yeah, I understand. That's why you're precluded from getting into the nature of the crimes, but it is... No, no, no. That's the counsel. That's the non sequitur. Yeah. It goes to credibility anyway, and that's why you're precluded from getting into the nature of the crimes. No. I mean, let's say you've got a murder, and you've got grand larceny, and you tell the jury about the murder as a felony, but you don't say what it was. Correct. What's the jury supposed to do with that? He committed a unknown... He committed an unspecified felony. Therefore, he may not be I mean, that's why prior felonies come in. Okay. That was my question, but you can tell them that it's a crime of dishonesty because that goes more to credibility than murder, right? Correct. And the jury is instructed that you can consider prior felonies convictions against the defendant's credibility, but you can really, really consider prior felony convictions if they're based on crimes of dishonesty. Do the jury instructions distinguish? No. Let me just clarify a point of Florida law because otherwise, this would be a non-issue, but under Florida law, you can present to the jury prior felony convictions, but if they're not denied, and all you can say is that they've been convicted. With respect to misdemeanors, the only prior convictions you can present are prior convictions, which are crimes of dishonesty. So a strict construction of that statute, and therefore, the case law on this point says you can ask, you can inquire as to whether the defendant committed felonies, and that's the only inquiry you can make on that front. You can't ask him, assuming he admits them, of course, you can't ask him whether they're crimes of dishonesty based on a strict construction of the statute. However, with respect to misdemeanors, you can ask him, have you ever been convicted of a misdemeanor involving dishonesty? So that's question you can ask for misdemeanors. But that has no relevance. Misdemeanors has no relevance to this case. Nothing that we're talking about is affected by that because he had 11 prior felonies, and that's discussed in the column. Correct. Okay. So the theory being that if you tell the jury he had a prior felony, it is worse for his credibility if it was grand theft than if it was a triple homicide. Well, as a lawyer, I'd say that I would say as a general lay person, you might not perceive it that way. I mean, honestly, as a juror, if I were assuming that somebody had prior felonies, and I heard that some of them were crimes of dishonesty, and assuming I was a lay juror, and I heard that some of them were crimes of dishonesty, and I understood that felonies could also be violent crimes, I might consider crimes of dishonesty to be sort of the lesser of the felonies. But again, as a lawyer, in terms of credibility, then obviously a crime of dishonesty would go to the credibility. Okay, thank you. One odd thing too, I want you to comment on it, and then let your opposing counsel comment on it too. This is an odd procedural, I guess you could call it procedural, circumstance in that the only way the district court can rule on futility, or that we can rule on futility for that matter, is given the fact that it's tied up with the prejudice issue, which is also a component of an ineffective assistance claim, it also rule on the merits. I'm sorry, what was the last part? If the judge rules that it would have been futile to allow the amendment, the judge has in effect also ruled on the merits of the claim. Correct. Prejudice is a requirement, and if the judge rules it wouldn't have been futile, same thing, right? Correct. It's an odd situation, and it happens because of the prejudice component of ineffective assistance coinciding with the prejudice component that's wound up into futility of any amendment or non-futility of it, and the fact that the judge is the fact finder both on the futility of the amendment and on the merits. Let me ask you one technical thing. You said that the petitioner waived this by not presenting objections to the magistrate judge. Did you raise his failure to object to the magistrate judge before the district court? No, I did not. So you waived his waiver? Before the district court? When would I have done that before the district court? Well, if you went through the magistrate judge to the district court, then you raised the waiver in briefing the matter before the district court. You always have an opportunity to object. I'm sorry. No, I'm sorry, Judge. She denied this motion to amend within three hours after it was filed. Okay, okay. I actually didn't respond in any way. I did not realize that. Yeah. How long, since you're talking about chronology and time, does the record show how long there was between the judge's misstatement, as we're calling it, and the submission of the case? He says, I might have changed my mind or would have changed my mind. Do we know? I mean, if it was overnight, that's one thing. If it was okay, fine, we'll charge the jury. That's another thing. I don't specifically recall. I believe that the transcript reflects that it went to the jury after he decided this, but I can't say 100% certainty that this didn't happen at the end of the day. I saw somewhere that the defense didn't present any witnesses. Isn't that correct? That is correct. Okay. All right, with that, I'm just about out of time, so I would ask that this court affirm on the basis of futility and also on the basis that the appellant waived his right under Rule 72a. Thank you. Thank you, counsel. Mr. Moore. Your honors, I'd like to start by discussing Mr. Thomas's, the argument of futility. First, the district court never commented on the argument of futility. This is a very fact-specific inquiry, and the district court never made a finding of futility. The district court is in a much better place to determine whether Mr. Thomas would or would not have actually testified, whether or not Mr. Thomas would or would not have been prejudiced. We've spent a lot of time discussing the arguments about Florida evidence law, but the district court is in a much better position to make arguments about Florida evidence law. Also, I believe that Judge Pryor is correct that the transcript of the trial itself is more Lastly, futility is a very high bar to hit. This is not, the court, this court isn't required to determine whether or not Mr. Thomas would have actually been prejudiced had he had this on the merit of whether or not Mr. Thomas would or would not have been prejudiced by his attorney's failure to correct the judge's instruction. At a minimum, this court simply needs to find that there's a Mr. Thomas has raised a colorable Strickland claim at a minimum. He has alleged that he would, that he was given incorrect instruction by the judge, that his attorney failed to correct that instruction, and that he would have testified had his attorney corrected that instruction. Next, I would like to address the state's argument that Rule 72 should apply here. The state filed a 28-J letter citing Ash v. Landrum, and we believe that Ash v. Landrum doesn't apply in this case. That case created a distinction between dispositive and non-dispositive decisions by the district court. This specifically is a dispositive decision because it disposed of a non-dispositive claim. Lastly, I would like to turn back to my argument on Rule 15a. SB v. Wainwright requires that for a district court to deny a motion to amend, that court must have a substantial reason to deny that motion to amend, and none of those are present here. Futility was mentioned by the district court as a potential reason to deny a motion to amend. Mr. Moore, let me ask you about that last point you just made. In the magistrate judge's second order to amend and striking plaintiff's amended petition, on page two, the magistrate judge said, found, now petitioner is in violation of this court's orders number six and ten and the local rules, and then gave one last chance to amend and said, the amended petition shall be the sole operative pleading considered in this case, and the only claims listed therein will be addressed by the court. Why isn't that the end of the story? The court found that there were repeated rule violations, and so isn't that sufficient to make this not an abuse of discretion? No. Rule 15a requires that the court have a substantial reason to deny a motion to amend, and Mr. Thomas failed to comply with one court order. The fact that the district court told him that it would be his sole operative pleading, I don't believe is binding in this case. It doesn't necessarily create a substantial reason to deny a motion to amend under rule 15a. In conclusion, the district court erred in denying Mr. Thomas' motion to amend without a substantial reason and dismissed his petition as a sanction for his earlier failure to comply with a local district rule. We ask that this court reverse the finding of the district court. Thank you. Counsel, one last question. Is there anywhere in the record, I didn't see it in the briefs, those 11 felonies are specified what they were? I don't believe so. I know that there are only nine or ten crimes of dishonesty. Okay. Only nine or ten. Yes. Thank you. All right. Thank you, counsel. Thank you, Professor Birch and Mr. Moore. I know you were appointed. We very much appreciate your efforts here and your willingness to accept the appointment. And we thank you for your argument here today, Mr. Moore, Mr. Picard. Have a great rest of your day. Thank you, Your Honor. Thank you, Your Honor.